NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3958
_____

UNITED STATES OF AMERICA

v.

CARLOS CEGLEDI,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-08-cr-00218-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Argued April 28, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Filed: July 21, 2015)

Mary Hancock, Esq.          **Argued**
Kristin L. Hravnak, Esq.    **Argued**
Adrian N. Roe, Esq.
Duquesne University School of Law
600 Forbes Avenue
Pittsburgh, PA 15282
          *Counsel for Appellant*

Stephen R. Cerutti, II, Esq.          **Argued**
Christy H. Fawcett, Esq.
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108
          *Counsel for Appellee*

———————

OPINION[*]

———————

HARDIMAN, *Circuit Judge*.

Carlos Cegledi appeals the District Court's order denying his motion under 28 U.S.C. § 2255. We will affirm.

I

In 2009, Cegledi was tried on drug trafficking charges. During the trial, the Government relied heavily on the testimony of Antonio Pagan. Pagan admitted that he: (1) had pleaded guilty to drug charges stemming from an April 2008 arrest; (2) was cooperating with the Government; and (3) was awaiting sentencing. On cross-examination, Cegledi's counsel, Guillermo Bosch, also asked about Pagan's cooperation with the Government, and Pagan again testified that he pleaded guilty to drug charges and was awaiting sentencing.

In light of Pagan's cooperation, the District Court provided the following standard instructions to the jury:

> Now you have heard evidence that Antonio Pagan has an arrangement with the Government under which the Government will speak on his behalf at his sentencing in exchange for his providing information to the Government. Antonio Pagan's testimony was received in evidence and may be considered by you.

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Government is permitted to present the testimony of someone who may benefit during the individual sentencing for providing information to the Government. But you should consider the testimony of Antonio Pagan with great care and caution. In evaluating Antonio Pagan's testimony, you should consider this factor along with the others I have called to your attention.

You may give such testimony such weight as you think it deserves. It is for you to determine whether or not Antonio Pagan's information or testimony may have been influenced by his arrangement with the Government. You have heard evidence that Antonio Pagan, a witness, was previously convicted of a crime punishable by more than one year in jail. You may consider this evidence along with other pertinent evidence in deciding whether or not you believe Antonio Pagan and how much weight to give his testimony.

App. 244. The Government then asked for a sidebar and argued to the Court that, while Pagan had pleaded guilty, he was not yet convicted. The Court subsequently corrected itself in front of the jury, stating: "I gave you a charge on impeachment of a witness with a prior conviction. Antonio Pagan does not have a prior conviction, and that has been removed from the charge." App. 268. Attorney Bosch didn't object to the retraction, though he did state at sidebar that "I think it has to be said he has pleaded guilty."

The jury convicted Cegledi on three of four counts, and the Court sentenced him to 234 months' imprisonment. Cegledi appealed, but his conviction and sentence were affirmed. *United States v. Cegledi*, 441 F. App'x 870 (3d Cir. 2011). In December 2012, Cegledi filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28

3

U.S.C. § 2255. The District Court denied that motion and Cegledi's motion for reconsideration. Cegledi timely appealed.[1]

## II

In this appeal, Cegledi argues that his trial counsel, Bosch, provided ineffective assistance by failing to object to the jury charge retraction and by failing to raise that issue on direct appeal. The Government responds that Cegledi's claim is time-barred and fails on the merits. In assessing ineffective assistance claims, we apply the familiar two-part cause and prejudice test of *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Our review of the record leads us to conclude that Cegledi was not prejudiced by counsel's allegedly deficient performance. In light of that conclusion, we need not address either the Government's timeliness argument or the deficiency prong of Cegledi's *Strickland* claim. *See id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice [prong.]").

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Our review of a § 2255 ruling is plenary with regard to legal conclusions, while we apply the clearly erroneous standard to factual findings. *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014).

4

In order to show prejudice under *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bui*, 769 F.3d 831, 834–35 (3d Cir. 2014) (internal quotation marks and citations omitted). The prejudice analysis is slightly different where the alleged deficient performance results from counsel's failure to raise an issue for appellate review: "The test for prejudice under *Strickland* is not whether petitioners would likely prevail upon remand, but whether we would have likely reversed and ordered a remand had the issue been raised on direct appeal." *United States v. Mannino*, 212 F.3d 835, 844 (3d Cir. 2000).

Cegledi argues that Antonio Pagan was such an important witness that a seemingly minor distinction like referring to Pagan's guilty plea rather than conviction is enough to undermine confidence in the outcome. He also claims that because the retraction came after the original jury charge, both the original charge about Pagan's motivation to lie and Pagan's testimony about his guilty plea on direct and cross-examination were effectively nullified.

"The ultimate issue under [the *Strickland* prejudice] test reduces to determining what effect, if any, the erroneous instruction had on the jury's verdict." *Whitney v. Horn*, 280 F.3d 240, 258 (3d Cir. 2002). The Court's original jury instruction concerning Pagan was 191 words. The much shorter retraction essentially deleted the last two sentences of

5

the original charge that related to Pagan, thus leaving the bulk of the original instruction intact. In what remained, the Court explained Pagan's arrangement with the Government, warned the jury to use "great care and caution" when considering Pagan's testimony, and expressly noted that Pagan's testimony "may have been influenced by his arrangement with the Government." Regardless of whether Pagan was convicted or merely pleaded guilty and was awaiting sentencing, the jury was well aware that Pagan had an incentive to testify in a way that was favorable to the prosecution. Cegledi's insistence that the word "conviction" was essential and that the Court's terse retraction vitiated the lengthy and detailed original instruction is unreasonable. "[J]urors are presumed to follow the instructions given [to] them by the court." *Glenn v. Wynder*, 743 F.3d 402, 407 (3d Cir. 2014). Accordingly, we decline Cegledi's invitation to assume that the jury considered only the two-line retraction and disregarded everything else they were told by the Court about Pagan's testimony.

In light of the multiple references to Pagan's guilty plea during trial and the District Court's jury charge explaining his deal with the Government, there is no reasonable probability that the result would have been different had Bosch objected to the retraction. Nor is it likely that we would have reversed and remanded if Bosch had raised

6

the argument on appeal. Accordingly, Cegledi suffered no prejudice under *Strickland*, so

we will affirm the order of the District Court.[2]

---

[2] The Court acknowledges the pro bono counsel provided to Mr. Cegledi in this appeal by the Duquesne University School of Law Federal Litigation Clinic and thanks student advocates, Mary Hancock and Kristin L. Hravnak, for their skillful advocacy.